UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**WHELAN, ET AL.**                                                                       **CIVIL ACTION**

**VERSUS**                                                                                       **NO: 10-1803**

**STATE FARM FIRE**                                                                     **SECTION "C"(4)**
**AND CASUALTY CO.**

**ORDER AND REASONS**[1]

Before this Court comes Defendant's Motion for Summary Judgment on Bad Faith Claims. (Rec. Doc. 29). Having considered the record, the memorandum of counsel, and applicable law, the Court has determined that the motion is DENIED for the following reasons.

**I. Background**

This lawsuit arises out of loss due to a house fire which occurred in June 2009. (Rec. Doc. 1 at 2). Plaintiffs, ("Whelans") owned this house and reported the fire to Defendant ("State Farm"). (Rec. Doc. 29-1 at 1). State Farm's agent Bo Roberts ("Roberts") performed a Cause and Origin analysis on the house and concluded that the fire was incendiary in nature. (Rec. Doc. 1 at 2). Roberts determined that arson was the source of the fire as he discovered the presence of gasoline on the couch and rug inside the Whelans' home. (Rec. Doc 29-1 at 2). Furthermore, Roberts determined that the couch within Plaintiff's home was the origin of the fire. (Rec. Doc. 29-1 at 2).

Consequently, an arson investigation by the Kenner Police Department and the Jefferson Parish Fire Department is currently open and ongoing. (Rec. Doc. 29-1 at 3). As a result of the nature of this investigation, State Farm alleges that the police and fire department have not disclosed any information of its arson investigation to State Farm. (Rec. Doc. 29-1 at 3). The Whelans, however,

---

[1] Helen Meaher, a third year at Tulane University School of Law assisted in preparing this order and reasons.

1

argue that State Farm has discussed this case with the Kenner and Jefferson Parish officials and have refused to disclose any information regarding these communications. (Rec. Doc. 37 at 4). Moreover, the Whelans argue that they did not commit arson and claim that they lacked any motive to commit arson. (Rec. Doc. 37 at 2). Additionally, the Whelans allege that the investigation is no longer active as no one has attempted to contact them regarding the house fire in over a year. (Rec. Doc. 37 at 8). State Farm, however, alleges that the arson investigation is active. (Rec. Doc, 37 at 8). While State Farm bears the burden of showing the cause of the fire was arson, the Whelans argue that the only evidence State Farm can present is inadmissible hearsay. (Rec. Doc. 37 at 8).

To date, State Farm has only compensated the Whelans for their additional living expenses. (Rec. Doc. 37 at 2). Plaintiffs allege that the property damages and losses they suffered are covered under their policy with State Farm. (Rec. Doc. 1 at 2). As a result, Plaintiffs alleged that they have suffered significant damages as a result of the failure of State Farm to adjust their claim and compensate their losses. (Rec. Doc. 1 at 2). Additionally, the Whelans have made various allegations of bad faith against State Farm alleging that State Farm is liable for its arbitrary, capricious and unjustifiable failure to timely meet the Whelans' claims. (Rec. Doc. 29-1 at 3).

**II. Law and Analysis**

Summary judgment is only proper when the record indicates that there is not a genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56*. A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences in favor of the non-moving party." *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 579 (5th Cir. 1986). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a

sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The movant need not, however, support the motion with materials that negate the opponent's claim. *Id.* As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. *Id.* at 323-24. The nonmoving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. It is improper for the district court to "resolve factual disputes by weighing conflicting evidence, … since it is the province of the jury to assess the probative value of the evidence." *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is also improper where the court merely believes it unlikely that the non-moving party will prevail at trial. *National Screen Serv. Corp. v. Poster Exchange, Inc.*, 305 F.2d 647, 651 (5th Cir. 1962).

In order to establish a claim for bad faith under Louisiana Revised Statue 22: 1892, Plaintiff must prove that "the failure to timely pay a claim after receiving satisfactory proof of loss when that failure to pay is arbitrary, capricious, or without probable cause." Additionally, "[w]hether an insurer has been arbitrary and capricious is usually considered to be a question of fact." *Ferguson v. State Farm Ins. Co*. U.S. Dist. LEXIS 34030 (E. D. La., 2007). An example of an arbitrary and capricious action would be an "insurer's willful refusal to pay a claim which is not based on a good faith defense." *La. Maint. Serv. Inc. v. Certain Underwriters at Lloyd's of London*, 616 So. 2d 1250 (La. 1993). However when allegations of arson are involved in an insurance dispute, insurers are not

subject to bad-faith claims under La. R. S. 22:1892(B)(2) when there is an ongoing arson investigation.

Therefore, it is clear that if an arson investigation is ongoing, State Farm's conduct would be protected under La. R. S. 22: 1892, and Plaintiffs' allegations of bad faith against State Farm would be without merit. State Farm suggests that there is an ongoing arson investigation and therefore the relevant statutory time period regarding bad-faith claims, has yet to start running. (Rec. Doc. 29-1 at 5-6). However, Plaintiffs dispute whether an active arson investigation is fact still ongoing. (Rec. Doc. 37 at 8). While State Farm has produced letters from the Kenner Police Department and Jefferson Parish Attorney indicated that those authorities were still actively investigated the fire at issue in this case, (Rec. Doc. 29-4 at 1-3), Plaintiffs argue that this evidence is inadmissible hearsay, (Rec. Doc 37 at 8). Because State Farm has not provided the Court with admissible evidence regarding the existence of any ongoing arson investigations, they are not entitled to judgment as a matter of law.

### III. Conclusion

Accordingly,

IT IS ORDERED that Defendant's Motion for Partial Summary Judgment is DENIED. (Rec. Doc. 29).

New Orleans, Louisiana this 14th day of April, 2011

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

4