UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**WHELAN, ET AL.**                                                                                           **CIVIL ACTION**

**VERSUS**                                                                                                         **NO: 10-1803**

**STATE FARM FIRE**                                                                                        **SECTION "C"(4)**
**AND CASUALTY CO.**

### ORDER AND REASONS

Before this Court is Defendant's Second Motion for Summary Judgment on Claims of Bad Faith. (Rec. Doc. 48). The facts of this case were recounted in this Court's April 14, 2011 Order. (Rec. Doc 44). In that Order this Court stated that it was "clear that if an arson investigation [was] ongoing, State Farm's conduct would be protected under La. R.S. 22:1892, and Plaintiffs' allegations of bad faith against State Farm would be without merit." *Id.* at 4. However, because State Farm failed to provide the Court with admissible evidence regarding the existence of any ongoing arson investigations, this Court denied Defendant's first motion for summary judgment. *Id.*

State Farm has now provided the required evidence in the form of affidavits from Jefferson Parish Fire Investigator, Eric Bacon, and Kenner Police Department Detective, Joseph McRae, attesting to the existence of ongoing arson investigations. (Rec. Docs. 48-5 and 48-6). While Plaintiffs claim that they have not been interviewed by investigators since 2009, such assertions do not rebut the existence of an ongoing investigation, as such an investigation could continue in the absence of additional contact with Plaintiffs. Accordingly, State Farm is entitled to summary judgment on Plaintiffs' claims for bad faith under La. R.S. 22:1892, as pursuant to La. R.S. 22:1892(B)(2), insurers are not subject to bad-faith claims when there is an ongoing arson investigation. *See* Fed. R. Civ. P. 56; La. R.S. 22:1892(B)(2).

This leaves Plaintiffs' claims for bad faith under La. R.S. 22:1973, which were not addressed in this Court's previous Order. Although La. R.S. 22:1973 does not specifically address how an

ongoing arson investigation affects an insurer's duties under that statute, the Louisiana Supreme Court has held that the conduct prohibited by La. R.S. 22:1973 and La. R.S. 22:1892 is virtually identical. *Reed v. State Farm Nut. Auto. Ins. Co.*, 857 So. 2d 1012, 1020 (La. 10/21/03). Moreover, the Louisiana Supreme Court has held that both La. R.S. 22:1973 and La. R.S. 22:1892 "require proof that the insurer was 'arbitrary, capricious, or without probable cause,' a phrase that is synonymous with 'vexatious.'" *Id.* at 1021 (citing *Louisiana Maintenance Services, Inc. v. Certain Underwriters at Lloyd's of London*, 616 So.2d 1250, 1253 (La. 1993). Furthermore, the Louisiana Supreme Court has held that an insurer's failure to pay is "arbitrary, capricious or without probable cause," only if its failure to pay "is not based on a good-faith defense." *Guillory v. Lee*, 16 So.3d 1104, 1127 (La. 6/26/09).

Here State Farm has established a good-faith defense of arson, as it is undisputed that the investigators have determined that the fire in question was caused by arson. (Rec. Docs. 48-5 and 48-6). As a result, State Farm has breached neither La. R.S. 22:1973 nor La. R.S. 22:1892, as there is a legitimate question as to who started the fire in question. *Guillory*, 16 So.3d 1104 at 1127 ("[S]tatutory penalties [are] inappropriate when the insurer has a reasonable basis to defend the claim and acts in good-faith reliance on that defense, *especially when there is a reasonable and legitimate question as to the extent and causation of a claim*, bad faith should not be inferred from an insurer's failure to pay within the statutory time limits when such reasonable doubt exists.") (emphasis added).

Accordingly,

IT IS ORDERED that Defendant's Second Motion for Partial Summary Judgment is GRANTED and Plaintiffs' bad faith claims are dismissed. (Rec. Doc. 48).

New Orleans, Louisiana this 16th day of May, 2011.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE